

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**03/25/2015**

|                      |   |                           |
|----------------------|---|---------------------------|
| IN RE                | ) |                           |
|                      | ) |                           |
| DAVID C. MCCARBLE II,| ) | CASE NO. 14-33210-H3-7    |
|                      | ) |                           |
|     Debtor, | ) |               |
|                      | ) |                           |
| BANK OF THE WEST,    | ) |                           |
|                      | ) |                           |
|     Plaintiff, | ) |             |
| v.                   | ) | ADV. NO. 14-3296          |
|                      | ) |                           |
| DAVID C. MCCARBLE II,| ) |                           |
|                      | ) |                           |
|     Defendant. | ) |             |
|                      | ) |                           |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on "Non-Party Mark Sheppard's Motion for Protection and to Quash Non-Party Discovery Propounded by Plaintiff Bank of the West" (Docket No. 19), "Non-Party David A. Jentho's Motion for Protective Order" (Docket No. 23), "Plaintiff's Motion to Extend Discovery Cutoff and Related Deadlines in Order to Conduct Depositions Noticed for Dates Prior to the Discovery Cutoff Date Set Forth in the Court's Scheduling Order" (Docket No. 26) and "Bank of the West's Motion to Compel Production of Documents Pursuant to Fed. R. Bankr. P. 9016, 7034 and 7037 Which Incorporates Fed. R. Civ. P. 45 (C), 34 and 37" (Docket No. 29). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of

Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

David C. McCarble II ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 3, 2014. Ronald J. Sommers is the Chapter 7 Trustee.

In the instant adversary proceeding, Bank of the West ("Plaintiff") seeks denial of Debtor's discharge, or alternatively seeks exception of Debtor's debt to Plaintiff from discharge.  Plaintiff alleges generally that Debtor fraudulently transferred interests in a shopping center (either directly or through one or more entities) to Mark Sheppard, concealed an interest in one or more real estate development entities, failed to keep or produce adequate records regarding his finances, made false oaths in his schedules, and failed to explain satisfactorily a loss or deficiency of assets.  Plaintiff also alleges generally that Debtor obtained funds from Plaintiff by use of a materially false financial statement, and that Debtor willfully and maliciously converted property interests by failing to turn over property to a receiver appointed prepetition in state court.  (Docket No. 1).

Plaintiff issued subpoenas to testify and produce documents to, <u>inter alia</u>, Sheppard, David A. Jentho, Dr. Neil

Gorme, and Steve Stacy of R. G. Miller Engineers, Inc.  In the
instant motion to quash, Sheppard seeks an order quashing
Plaintiff's subpoenas to Sheppard, Jentho, Gorme, and Stacy.
Sheppard asserts that Jentho is Sheppard's CPA.[1]  Sheppard
asserts that Gorme is Sheppard's co-member in Kingscrossing
Partners, LLC ("Kingscrossing").  Sheppard asserts that Stacy's
firm, R. G. Miller Engineers, Inc., was engaged by Kingscrossing
to provide engineering services to its project.  Sheppard asserts
that the scope of discovery sought from himself, Jentho, Gorme,
and Stacy is not justified because none of the recipients or
entities identified in the subpoenas has a relationship to
Debtor.  Alternatively, Sheppard seeks protection from undue
expense in responding to the discovery requests.  (Docket No.
19).

In the instant motion for protective order, Jentho
seeks an order protecting him from appearing for deposition until
after the court rules on Sheppard's motion to quash.  (Docket No.
23).

In the instant motion to extend discovery cutoff,
Plaintiff seeks an extension to the discovery deadline set in the
initial scheduling order in the above captioned adversary

---

[1]Sheppard also asserts that Jentho is Debtor's CPA.
Sheppard does not oppose production of documents relating to
Debtor, but does oppose production of documents relating to
Sheppard.

3

proceeding in order to allow Plaintiff to conduct the depositions which Sheppard seeks to quash.  (Docket No. 26).

In the instant motion to compel, Plaintiff seeks an order compelling the production of the documents Plaintiffs requested by subpoena from Sheppard.  (Docket No. 29).

At the hearing on the instant motions, the parties stipulated to the admissibility, for consideration of the instant motions only, of the documents attached to the motion to quash (Docket No. 19), Plaintiff's response to the motion to quash (Docket No. 21), the motion to compel (Docket No. 29), and Sheppard's response to the motion to compel (Docket No. 32). None of the parties presented witnesses.[2]

At the hearing on the instant motion, counsel for Sheppard argued that the discovery requests are overbroad.  He argued that Debtor has no interest in the entities (including Kingscrossing) other than potentially earning a fee as a consultant.  Counsel for Plaintiff argued that Debtor has identified himself as the principal developer of Kingscrossing, which he argued is a billion-dollar real estate development in Kingwood, Texas.  He argued that Gorme has testified in deposition that Debtor negotiated a ten percent developer's fee

---

[2]The court considers these documents and the argument of counsel not for the truth of the matters asserted, but rather as further explaining Plaintiff's allegations in the instant adversary proceeding.

for himself, prepetition, for the Kingscrossing project, without disclosing the fee to the court.  He argued that with respect to a second project, the Sugar Crossing project, which is the shopping center Plaintiff alleges in the complaint was transferred fraudulently in the instant adversary proceeding, the transfer was executed by Debtor's spouse, one day after a loan was reinstated, after the lender on the project had declared default and posted the property for foreclosure.  He argues that Debtor signed the document as co-manager of the general partner of the owner of the land, and as guarantor of that debt.

Counsel for Plaintiff argued that Debtor testified at his examination under Bankruptcy Rule 2004 that he retained a one percent interest in the Sugar Crossing entity, which was not disclosed in Debtor's bankruptcy schedules.

Counsel for Sheppard argued that the only documents in possession of Jentho are Sheppard's tax returns and documents used to prepare Sheppard's tax returns.  He argued that those documents should be protected.

Counsel for Debtor argued that, if an extension of the discovery deadline is granted, the extension should be at least 120 days in order to allow Debtor to conduct discovery regarding amended pleadings.[3]

---

[3]The court notes that Debtor has moved for leave to amend his answer in the instant adversary proceeding.  (Docket No. 35). That motion remains pending.

Conclusions of Law

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7026, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Rule 26(b)(1), Fed. R. Civ. P.

Under Rule 45(d)(1) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 9016, a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  Under Rule 45(d)(2)(B)(ii) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 9016, the court's order compelling production "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Rule 45(d), Fed. R. Civ. P.

The court has reviewed the subpoenas in the instant case.  The subpoenas appear reasonably calculated to lead to the discovery of admissible evidence regarding the matters addressed in the complaint.  The court concludes that the discovery sought in the subpoenas is within the scope of discovery permitted under Rule 26.  The court concludes that Sheppard, Jentho, Gorme, and

6

Stacy must be protected from significant expense resulting from compliance with the subpoenas.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on March 25, 2015.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE